UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RILEY J. WILLIAMS,
                                Plaintiff,

v.                                        No. 10-CV-998
                                                 (NAM/DRH)
ROBERT A. FRENCH, also known as Robert
A. France,
                                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

RILEY J. WILLIAMS
Plaintiff Pro Se
05-A-5647
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN          MICHAEL G. McCARTIN, ESQ.
Attorney General for the                  Assistant Attorney General
  State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Riley J. Williams ("Williams"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant French violated his constitutional rights under the First Amendment. Compl. (Dkt. No. 1). Presently pending is French's motion to dismiss

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 11.  Williams has not responded to the motion.  Dkt. Nos. 13, 15.[2]  For the following reasons, it is recommended that French's motion be granted.

## I. Background

The facts are related herein in the light most favorable to Williams as the non-moving party.  See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).  Williams alleges that while incarcerated on August 14, 2010, he was supposed to receive two potatoes, eggs, wheat bread, vanilla pudding, apple crisp, and two breakfast juices for his Ramadan celebration.[3]  Compl. at 5.  Defendant French, the cook, did not provide Williams with his meal.  Id. at 5-6.  The complaint was dated on August 14, 2010, the same day the First Amendment violation allegedly occurred.  Id. at 6.  Williams indicated in his complaint that he had also filed a grievance at the facility in response to his complaint, but had yet to receive a response.  Id. at 2-3.

---

[2]Although Williams has not responded to the motion, he has twice previously attempted to file amended complaints.  He filed his first on December 13, 2010 seeking to add an additional defendant.  Dkt. No. 10.  In an order filed February 9, 2011, that amended complaint was stricken because Williams failed to comply with the procedural requirements of the local rules by filing supporting documents.  Dkt. No. 15.  A second amended complaint was filed on March 7, 2011, but it was also ordered stricken for failure to comply with the procedural requirements of the local rules.  Dkt. Nos. 16, 17.

[3]"'Ramadan, the ninth month of the Muslim calendar, is a holy month for Muslims, believers in the religion Islam. During Ramadan, Muslims fast (take no food or drink) from dawn to sunset. It is a very spiritual time for Muslims. They arise early for a pre-dawn meal. At the end of the day, the fast is broken by taking the Iftar meal . . . .. When the new moon appears and the month of Ramadan is over, Muslims celebrate a joyous holiday called Eid–ul–Fitr (Festival of Fast–Breaking). . . .'" Skoros v. City of N.Y., 437 F.3d 1, 10 (2d Cir. 2006) (quoting description from a Ramadan card).

## II.  Discussion

Williams contends that his First Amendment rights were violated when his Ramadan meal was incorrectly prepared or provided to him on August 14, 2010.[4]  French moves to dismiss the complaint for Williams' failure to exhaust his administrative remedies as he filed both the grievance and complaint on or about the same day as the alleged constitutional violation without allowing the administrative review process to be completed.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the

---

[4] To the extent that Williams alleges claims against unnamed party corrections officer McBath, such claims will not be discussed because McBath is not a named party in the lawsuit.  While Williams attempted to file an amended complaint to include McBath as a named party, the amended complaint was stricken.  Dkt. No. 15; see also note 2 supra.

3

misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006).  This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d

19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)). Exhaustion for an inmate in DOCS custody is generally achieved through the Inmate Grievance Program (IGP).[5] See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1, et seq.. Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit. Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); see also N.Y. Comp. Codes R. & Regs. tit. 7 § 701.5(d)(2)(ii) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days). Exhaustion must precede filing a lawsuit. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient.") *abrogated in part on other grounds by* Porter, 534 U.S. 516. Where the administrative process has been started, but has yet to conclude, courts have dismissed federal claims without prejudice and granting leave to reopen when the administrative process has ceased and the result is a denial of the inmate's grievance. Torres, 672 F. Supp. 2d at 345-46.

---

[5]"The IGP is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

In this case, Williams states in his complaint that he both initiated the IGP grievance process and filed the present complaint on or about the same day that the alleged constitutional violation occurred. Thus, Williams has commenced the administrative process, but he has not yet received a final determination. Because exhaustion of these remedies must precede the present lawsuit, French's motion to dismiss should be granted, and the complaint dismissed without prejudice to allow the grievance process to be completed. In the event that Williams' grievances are denied, he may then re-commence this action.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No.11) be **GRANTED** and Williams' complaint be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 5, 2011
       Albany, New York

_David R. Homer_
United States Magistrate Judge