UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RILEY J. WILLIAMS,**

                                **Plaintiff,**

                        -v-                                      **9:10-CV-998 (NAM/DRH)**

**ROBERT A. FRENCH, also known as Robert
A. France,**

                                **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

RILEY J. WILLIAMS, 05-A-5647
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929
Plaintiff, *Pro Se*

HON. ERIC T. SCHNEIDERMAN, Attorney General for the State of New York
MICHAEL G. McCARTIN, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

When he commenced this action under 42 U.S.C. § 1983, plaintiff was an inmate in the custody of the New York State Department of Correctional Services. In his *pro se* complaint, he alleges that defendant violated his First Amendment rights by failing to provide the Ramadan meal to which plaintiff was entitled. Presently before the Court is a Report and Recommendation (Dkt. No. 18) pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c) from United States Magistrate Judge David R. Homer recommending that defendant's motion (Dkt. No. 11) to dismiss the complaint be granted. Plaintiff objects (Dkt. No. 20). Upon *de novo* review pursuant

to 28 U.S.C. § 636(b)(1)(C), this Court accepts the Report and Recommendation and grants the motion.

Defendant's dismissal motion is based on the provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted." Defendant argues that plaintiff's own statements in his complaint establish as a matter of law that plaintiff failed to exhaust his remedies, and that therefore the case must be dismissed without prejudice.

The complaint, dated August 14, 2010 and filed August 18, 2010, alleges: "On August 14, 2010, Cook lack of preparation for Ramadan meals." Thus, the complaint was drawn up on the day the alleged constitutional deprivation occurred and filed four days later. Regarding exhaustion, the questions on the complaint form and plaintiff's handwritten answers (italicized) are as follows[1]:

    a.    Is there a prisoner grievance procedure at this facility?
           *Yes*.
    b.    If your answer to 4a is YES, did you present the facts relating to your complaint in this grievance program?
           *Yes.*
           If your answer to 4b is YES,
               (i)    What steps did you take?
                    *The only step their is to be taken.*
               (ii)   What was the final result of your grievance?
                    *I never gotten one yet.*
    c.    If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?
           *Yes.*
           If your answer to 4c is YES,
               (i)    What steps did you take?
                    *All the right 1(s).*

---

[1] The Court quotes directly from the complaint without noting or correcting errors.

>> (ii) What was the final result regarding your complaint?
>> *Still pending.*

Although he did not submit opposition to the motion, plaintiff filed an objection to the Report and Recommendation, stating: "I ex[h]austed all remedies and I intend to proceed with my claim in which my First Amendment Rights was violated" by defendant. He does not attach any decision from the Inmate Grievance Resolution Committee, the Superintendent, or the Central Office Review Committee.

As noted, the complaint, based on an incident occurring on August 14, 2010, is dated August 14, 2010 and was filed on August 18, 2010. Exhaustion of the three-step grievance procedure during this brief interval was an impossibility. Indeed, in the complaint, plaintiff acknowledges that the grievance was still pending when he filed the complaint. As Magistrate Judge Homer found, defendant has carried his burden of proving non-exhaustion.

In his objection to the Report and Recommendation, plaintiff states that he exhausted all remedies.[2] This conclusory claim does not avert dismissal based on non-exhaustion. As noted, plaintiff's complaint acknowledges that he did not fully exhaust before filing the complaint. Accepting that he completed the grievance procedure after filing the complaint, this does not satisfy the requirement that administrative remedies must be exhausted <u>prior</u> to the filing of the complaint. *See Burgos v. Craig*, 307 Fed.Appx. 469, 470 (2d Cir. 2008) ("[Exhaustion] must be completed before suit is filed, and completing the exhaustion requirements only after filing suit is insufficient."). Thus, despite plaintiff's assertion that he exhausted his claims at some point after

---

[2] Here, where plaintiff states that he exhausted the administrative remedies, although not before filing the complaint, there is no basis to inquire whether the remedies were available to him.

the complaint was filed, the complaint must be dismissed without prejudice.

After completing exhaustion, plaintiff may, if he wishes, refile the complaint.  If he does so, the Court recommends that he add paragraphs explaining how and when the administrative remedies were exhausted and attach copies of the administrative decisions.  The Court observes that, although it now appears that plaintiff has been released from the facility, possibly on parole, he gave the Clinton Correctional Facility address on submissions to the Court dated February 21, 2011 and April 18, 2011; thus, it appears that he had ample time while in prison to pursue the grievance to its conclusion.  *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004).

A mailing to plaintiff has been returned to the Clerk's Office as undeliverable on May 25, 2011.  Magistrate Judge Homer advised plaintiff on November 18, 2010 that he was required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address.  Despite this notification, plaintiff has not provided the Court with a new address.  Thus, the Court continues to use his last known address at the Clinton Correctional Facility.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 18) is accepted; and it is further

ORDERED that defendant's motion (Dkt. No. 11) is granted; and it is further

ORDERED that the complaint is dismissed without prejudice.

IT IS SO ORDERED.

Date:  June 15, 2011
       Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge